# Supreme Court of Florida

No. SC2024-0317

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE.**

March 6, 2025

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee has filed a report proposing amendments to Florida Rules of Appellate Procedure 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Nonjury Cases), 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders), 9.140 (Appeal Proceedings in Criminal Cases), and 9.800 (Uniform Citation System).[1]

The Committee approved the amendments by votes of 33-0-0 as to rule 9.110, 28-6-0 as to rule 9.130, 26-6-0 as to rule 9.140, and 35-0-0 as to rule 9.800. The Florida Bar's Board of Governors

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

unanimously recommends adopting the proposed amendments. When we published the Committee's proposal for comment, the Florida Public Defender Association filed a comment expressing opposition to the proposed changes to rule 9.140. Later, in response to an order seeking additional comments, the Florida Defense Lawyers Association filed a comment expressing support for the proposed changes to rule 9.130. The Committee filed responses to both comments.

Now, in consideration of the Committee's report, the comments received, the Committee's responses to those comments, and the oral argument held on December 12, 2024, we hereby amend rules 9.110, 9.130, and 9.800 in the manner proposed by the Committee. However, we decline to adopt the Committee's proposed amendments to rule 9.140. The more significant changes are as follows.

First, rule 9.110(b) is amended to replace an obsolete reference to rule 9.180(c)(3) with a reference to subdivision (c)(2). This change corrects a reference to a deleted subdivision number.

Next, a new subdivision (a)(3)(F)(iv) is created under rule 9.130. Rule 9.130(a)(3) lists nonfinal orders that may be appealed

in civil proceedings.  New subdivision (a)(3)(F)(iv) adds an entry to that list, allowing civil defendants to appeal nonfinal orders that deny claims of immunity brought under section 776.032, Florida Statutes (2024), known as Florida's Stand Your Ground law.  Minor editorial changes are also made to rule 9.130 to conform with our pronouncements in *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

Finally, rule 9.800(d)(4) is amended to replace obsolete references to administrative law reporters with more current references.

As for rule 9.140, as stated above, we decline to adopt the Committee's proposed amendments to this rule.  The Committee proposed giving criminal defendants a new procedural path to challenge nonfinal orders denying claims of Stand Your Ground immunity in the context of criminal proceedings.  But in contrast to civil proceedings, in which interlocutory appeals are available for a broad range of nonfinal orders (as listed in rule 9.130(a)(3)), there are very few circumstances where interlocutory appeals are authorized in criminal proceedings, and notably, those narrow

circumstances do not include challenges against nonfinal orders denying statutory immunity.

Both the Florida Public Defender Association and the minority of voting Committee members expressed concern that allowing interlocutory appeals from this one specific type of nonfinal order would present unique problems in the context of criminal proceedings. As the Committee acknowledges, the proposed amendments to rule 9.140 would create a first-of-its-kind rule for criminal defendants—a rule that would, at the very least, create internal tension with other procedures in the ruleset. We therefore decline to adopt the proposed changes to rule 9.140.

We do not suggest that a criminal defendant who hopes to challenge a nonfinal order denying a claim of Stand Your Ground immunity will have no avenue for relief. We have stated previously that the constitutional writ of prohibition may be invoked in such circumstances. *See Boston v. State*, 326 So. 3d 673, 677 (Fla. 2021) (declaring that "a defendant who avails him or herself to a pretrial immunity hearing and who believes legal error was committed at the pretrial immunity hearing may still seek relief by filing a petition for a writ of prohibition before invoking his or her

- 4 -

right to a trial") (emphasis omitted) (footnote omitted).  We reiterate the availability of that remedy now.

Accordingly, the Florida Rules of Appellate Procedure are hereby amended as reflected in the appendix to this opinion.  New language is indicated with underscoring; deleted language is indicated with struck-through type.  The amendments will become effective July 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Christine Riley Davis, Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida, and Chance Lyman of Buchanan Ingersoll & Rooney PC, on behalf of the Appellate Court Rules Committee, Tampa, Florida,

for Petitioner

Stacy Ann Scott, President, Florida Public Defender Association, Inc., Gainesville, Florida, Carlos J. Martinez, Past President, Florida Public Defender Association, Inc., Miami, Florida, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit of Florida, on behalf of the Florida Public Defender Association, Inc., Miami, Florida; and Elaine D. Walter of Boyd Richards Parker

- 5 -

Colonnelli, P.L., on behalf of the Florida Defense Lawyers Association, Miami, Florida,

Responding with comments

**APPENDIX**

**RULE 9.110.** **APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NONJURY CASES**

**(a)** [No Change]

**(b)** **Commencement.** Jurisdiction of the court under this rule must be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed, except as provided in rule 9.140(c)(3~~2~~).

**(c) – (m)** [No Change]

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 9.130.** **PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)** **Applicability.**

(1) This rule applies to appeals to the district courts of appeal of the nonfinal orders authorized herein and to appeals to the circuit court of nonfinal orders when provided by general law. Review of other nonfinal orders in such courts and nonfinal administrative action ~~shall be~~is by the method prescribed by rule 9.100.

(2) Appeals of nonfinal orders in criminal cases ~~shall be as~~are prescribed by rule 9.140.

(3)  Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A) – (B)  [No Change]

(C)  determine:

(i) – (ix)  [No Change]

(x)  that a permanent guardianship ~~shall be~~is established for a dependent child ~~pursuant to~~under section 39.6221, Florida Statutes;

(D) – (E)  [No Change]

(F)  deny a motion that:

(i)  [No Change]

(ii)  asserts entitlement to immunity under section 768.28(9), Florida Statutes;~~ or~~

(iii)  asserts entitlement to sovereign immunity; or

(iv)  asserts entitlement to immunity under section 776.032, Florida Statutes;

(G) – (I)  [No Change]

(4)  [No Change]

(5)  Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. Motions for rehearing directed to these orders are not authorized under these rules and ~~therefore~~ will not toll the time for filing a notice of appeal.

**(b)  Commencement.** Jurisdiction of the court under subdivisions (a)(3)–(a)(5) of this rule ~~shall be~~is invoked by filing a

notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.

**(c)** **Notice.** The notice, designated as a notice of appeal of nonfinal order, ~~shall~~must be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal ~~shall~~must be attached to the notice. The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.

**(d)** **Record.** A record ~~shall~~will not be transmitted to the court unless ordered.

**(e)** **Briefs.** The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, ~~shall~~must be served within 20 days of filing the notice. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

**(f)** [No Change]

**(g)** **Cross-Appeal.** An appellee may cross-appeal the order or orders designated by the appellant, to review any ruling described in subdivisions (a)(3)–(a)(5), by serving a notice within 15 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. A notice of cross-appeal ~~shall~~must be filed either before service or immediately thereafter in the same manner as the notice of appeal. The notice of cross-appeal must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.

**(h)** **Review on Full Appeal.** This rule ~~shall~~will not preclude initial review of a nonfinal order on appeal from the final order in the cause.

**(i)** [No Change]

## Committee Notes

[No Change]

**RULE 9.800.   UNIFORM CITATION SYSTEM**

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a) – (c)**   [No Change]

**(d)   Florida Administrative Agencies.**

(1) – (3)   [No Change]

(4)   Decisions that are not available online may be cited to an administrative law reporter as follows if published therein:

(A)   ~~*Florida Administrative Law Reports: Dep't of Health v. Sabates*, 34 F.A.L.R. 2378 (Fla. Bd. of Med. 2011);~~

~~(B)~~   *Florida Career Service Reporter*~~:~~.

(i)   Before July 1998: *Carroll v. Dep't of Corr.*, 12 F.C.S.R. ¶ 044 (Fla. Pub. Emps. Rel. Comm'n 1997);

(ii)   July 1998–June 2015: *Arenas v. Dep't of Corr.*, 25 F.C.S.R. 309 (Fla. Pub. Emp̲s̲. Rel. Comm'n 2010);

(C)   ~~*Environmental and Land Use Administrative Law Reporter: In re Riverview Pointe, Manatee Cty.*, 2013 E.R. F.A.L.R. 50 at 2 (Fla. Dep't of Envtl. Prot. 2012);~~

(D)   ~~*Florida Department of Revenue Tax Reporter: Technical Ass't Advm't* 09A-049, 2009 Tax F.A.L.R. 431 (Fla. Dep't of Rev. 2009);~~

(~~E~~B̲)   *Florida Public Employee Reporter*: ~~*Delgado v. Sch. Dist. of Broward Cty.*, 36 F.P.E.R. 207 (Fla. Pub. Emp. Rel. Comm'n Gen. Counsel 2010)~~*United Faculty of Fla. v. Fla. Gulf Coast Univ.*, 29 F.P.E.R. ¶ 120 (Fla. Pub. Emps. Rel. Comm'n 2003);

(F̶C) *Florida Public Service Commission Reporter*: *In re Nuclear Cost Recovery Clause*, 2013 F.P.S.C. 10:149 (Fla. Pub. Serv. Comm'n 2013) for decisions published from 1981–2009.~~;~~

~~(G)     *Florida Compensation Reports*: *Whitney v. Mercy Hosp.*, 9 F.C.R. 373 (Fla. Indus. Rel. Comm'n 1976);~~

~~(H)     *Florida Division of Administrative Hearings Reports*: *Fla. Real Estate Comm'n v. Warrington*, 39 F.D.O.A.H. 747 (Fla. Real Estate Comm'n 1977);~~

~~(I)     *Florida Administrative Reporter*: *Cockrell v. Comptroller*, 12 F.A.R. 192 (Fla. Comptroller 1979).~~

**(e) – (q)**     [No Change]

## Committee Notes

[No Change]